**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SHAQUAN SMITH, | ) | |
| Plaintiff, *pro se*, | ) | |
| | ) | Civil Action No. 25-cv-01751-LKG |
| *v.* | ) | |
| | ) | Dated: August 19, 2026 |
| NSR MARTS, INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

## I. INTRODUCTION

In this civil action, the Plaintiff *pro se*, Shaquan Smith, brings failure-to-accommodate, disability discrimination, retaliation and wrongful discharge in violation of public policy claims against the Defendant, NSR Marts, Inc. ("NSR Marts"), pursuant to the Americans with Disabilities Act ("ADA"), the Maryland Fair Employment Practices Act ("MFEPA"), 42 U.S.C.A. § 12101 *et seq.* (West), Md. Code Ann., State Gov't § 20-601 *et seq.* (West), and state law, arising from the termination of her employment with NSR Marts. *See generally* ECF Nos. 1 and 1-1. NSR Marts has moved to dismiss these claims, or, alternatively, for summary judgment in its favor, pursuant to Fed. R. Civ. P. 12(b)(6) and 56. ECF No. 23. The motion is fully briefed. ECF Nos. 23, 23-1 and 25. For the reasons that follow, the Court: (1) **GRANTS-in-PART** and **DENIES-in-PART** the Defendant's motion to dismiss, or, in the alternative, for summary judgment (ECF No. 23) and (2) **DISMISSES** Plaintiff's ADA discrimination and wrongful discharge claims.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

In this civil action, the Plaintiff brings failure-to-accommodate, disability discrimination, retaliation and wrongful discharge claims against NSR Marts, pursuant to the ADA, the MFEPA and Maryland law, arising from the termination of her employment with NSR Marts. *See generally* ECF Nos. 1 and 1-1. As relief, the Plaintiff seeks, among other

[1] The facts recited in this memorandum opinion are taken from the complaint; the Defendant's motion to dismiss and the memorandum in support thereof; and the Plaintiff's response in opposition and exhibits attached thereto. ECF Nos. 1, 23, 23-1, 25 and 25-4.

things, reinstatement, back pay, front pay and to recover monetary damages from NSR Marts. *Id.* at Prayer for Relief.

The Parties

Plaintiff Shaquan Smith is a Maryland resident and a former employee of NSR Marts. ECF No. 1 at ¶¶ 1 and 3.

Defendant NSR Marts is a fast-food corporation that operates its business in St. Mary's County, Maryland. *Id.* at ¶ 2.

The Plaintiff's Employment

As background, the Plaintiff was hired by NSR Marts in December 2022. *Id.* at ¶ 3. The Plaintiff alleges that, in February 2023, she "submitted a written request for a reasonable accommodation: consistent part-time schedule." *Id.* at ¶ 5.

The Plaintiff attaches a copy of her reasonable accommodation request to NSR Marts, which is a letter from her mental health provider, Jasmine Harris, LCSWC, as an exhibit to the complaint. ECF No. 1-1. This letter states that the Plaintiff had been diagnosed with major depressive disorder and general anxiety disorder and that she was being seen for individual therapy twice a week. *Id.* at 1.

The letter also requests that NSR Marts provide the Plaintiff with an accommodation under the ADA, because "her mental health concerns substantially limit several major life activities." *Id.* at 2. In this regard, the letter states that:

> One accommodation is her schedule. She is currently scheduled to work on Sunday through Tuesday. Shaquan needs a consistent permanent schedule. Varying shifts disrupt her sleep routine and create stress/chaos which exacerbates her symptoms increasing the likelihood of needing additional treatment or time off.

*Id.*

The Plaintiff also attaches as an exhibit to the complaint several emails between herself and her then-supervisor, Samantha Christison, regarding the reasonable accommodation request. *Id.* at 4. These emails show that Ms. Christison reviewed the letter from the Plaintiff's mental health care provider and that she requested a formal letter from Ms. Harris. *Id.* at 5.

The emails also show that Ms. Christison sent an email to the Plaintiff on February 26, 2023, advising, among other things that, the Plaintiff would need to seek coverage for the days that she was seeking to take off during that week, because Ms. Christison wrote the schedule for the week before receiving the Plaintiff's reasonable accommodation request.

*Id.* at 6. And so, the Plaintiff agreed to work her scheduled Friday and Saturday shifts for that week and she requested confirmation from Ms. Christison that her accommodation request to work Wednesdays and Thursdays from 12 PM to 8 PM was approved for future schedules. *Id.*

The Plaintiff alleges in the complaint that NSR Marts "failed to respond to the request, did not engage in the interactive process, and falsely accused [her] of fabricating the medical mental health letter that was received." ECF No. 1 at ¶ 6. It is undisputed that NSR Marts terminated the Plaintiff's employment on March 16, 2023. *Id.* at ¶ 3; ECF No. 23-1 at 5.

Although not alleged in the complaint, the Plaintiff represents to the Court that she filed a complaint of discrimination challenging the termination of her employment with the Equal Employment Opportunity Commission and she received a right-to-sue letter before commencing this litigation. ECF No. 25 at 8. In this regard, the Plaintiff has provided the Court with a copy of her right-to-sue letter, which is dated March 17, 2025. ECF No. 25-4.

The Plaintiff contends that NSR Marts discriminated and retaliated against her upon the basis of disability, by terminating her employment. ECF No. 1 at ¶ 8. And so, the Plaintiff seeks, among other things, reinstatement, back pay, front pay and to recover monetary damages from NSR Marts. *Id.* at Prayer for Relief.

**B. Relevant Procedural Background**

The Plaintiff commenced this civil action on June 3, 2025. ECF No. 1. On October 3, 2025, NSR Marts filed a motion to dismiss, or, in the alternative, for summary judgment, pursuant to Fed. R. Civ. P. 12(b)(6) and 56, and a memorandum in support thereof. ECF Nos. 23 and 23-1.

On October 24, 2025, the Plaintiff filed a response in opposition to NSR Marts's motion. ECF No. 25.

NSR Marts's motion having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

**A. Fed. R. Civ. P. 8 And 12(b)(6)**

Under Fed. R. Civ. P. 8(a), a complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet, Ltd.*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249–50 (1989)).

### B. *Pro Se* Litigants

The Plaintiff is proceeding in this matter without the assistance of counsel. And so, the Court must construe the complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980). But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"); *Bell v. Bank of Am., N.A.*, No. 13-478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations and citations marks omitted). And so, if a plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint. *See Weller*, 901 F.2d at 391.

### C. The ADA And The MFEPA

The Americans with Disabilities Act ("ADA") prohibits "discriminat[ion] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees . . . ." 42 U.S.C. § 12112(a); *Elledge v. Lowe's Home Centers, LLC*, 979 F.3d 1004, 1009 (4th Cir. 2020). The Maryland Fair Employment Practices Act ("MFEPA") is modeled after the ADA, and so, Maryland courts look to federal decisions interpreting the ADA when interpreting the MFEPA. *Peninsula Reg'l Med. Ctr. v. Adkins*, 137 A.3d 211, 217-18 (Md. App. Ct. 2016).

To state a disability discrimination claim under the ADA, a plaintiff must allege facts to show that: (1) she has a disability; (2) she is a qualified individual for the employment in question; and (3) her employer discharged him or took other adverse employment action because of his disability. *Burnett v. BJ's Wholesale Club*, 722 F. Supp. 3d 566, 575 (D. Md. 2024). In this regard, the United States Court of Appeals for the Fourth Circuit has held that a plaintiff is disabled within the meaning of the ADA if she can show that: (1) she has a physical or mental impairment; (2) this impairment implicates at least one major life activity; and (3) the limitation is substantial. *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 751 (4th Cir. 2018). The Fourth Circuit has also held that a "qualified individual" under the ADA is one who, with or without reasonable accommodation, can perform the essential functions of the employment position she holds or desires. *Elledge*, 979 F.3d at 1009 (quoting 42 U.S.C. § 12111).

To state a failure-to-accommodate claim under the ADA, a plaintiff must allege facts to show that: (1) "[she] was an individual who had a disability within the meaning of the statute;" (2) "the employer had notice of [her] disability;" (3) "with reasonable accommodation [s]he could perform the essential functions of the position;" and (4) "that the employer refused to make such accommodations." *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 626, 579 (4th Cir. 2015); *Burnett*, 722 F. Supp. 3d at 577. In this regard, the Court has held that a plaintiff bears the burden of "establishing [her] ability to perform the essential functions of his job with a reasonable accommodation." *Fleetwood v. Harford Sys. Inc.*, 380 F. Supp. 2d 688, 697 (D. Md. 2005) (citing *Tyndall v. Nat'l Educ. Ctrs., Inc. of Cal.*, 31 F.3d 209, 213 (4th Cir. 1994)).

To state a retaliation claim under the ADA, a plaintiff must allege facts to show that: (1) she engaged in protected conduct; (2) she suffered an adverse action; and (3) a causal link exists between the protected conduct and the adverse action. *A Soc'y Without a Name v. Commonwealth of Va.*, 655 F.3d 342, 350 (4th Cir. 2011). In this regard, this Court has held that a plaintiff may prove that she engaged in protected conduct by showing that she "engag[ed] in oppositional conduct such as . . . voicing [her] opinion in order to bring attention to an employer's discriminatory practices." *Jackson v. S. Glazers of MD LLC*, No. 24-1393, WL 4335684, at *4 (D. Md. Sep. 26, 2024) (quotation omitted). While the plaintiff is not required to prove the discriminatory practices alleged actually constitute an ADA violation, the plaintiff must show that she had a "good faith belief" that the alleged discriminatory conduct violated the ADA. *Freilich v. Upper Chesapeake Health*, 313 F.3d 205, 216 (4th Cir. 2002). In this regard, the Fourth Circuit has held that a very close temporal

proximity between the protected conduct in question and the subsequent adverse action can suffice to show a causal connection between the two in some cases. *Hall Haggins v. Wilson Air Center, LLC*, 163 F.4th 872, 881 (4th Cir. 2026).

In addition, a plaintiff must exhaust her administrative remedies, including filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and receiving a right-to-sue letter, before bringing a claim under the ADA. *See* 42 U.S.C. § 12117 (ADA explicitly adopting the enforcement powers, remedies and procedures of Title VII of the Civil Rights Act of 1964, which requires plaintiffs to file a charge of discrimination with the EEOC and obtain a right-to-sue letter). A plaintiff bringing a claim under the MFEPA must similarly file a charge with the EEOC or the Maryland Commission on Civil Rights ("MCCR") and obtain a right-to-sue letter before filing suit. *See* Md. Code Ann., State Gov't § 20-1013. And so, the Fourth Circuit has held that a plaintiff must allege facts in the complaint that show that she has complied with such exhaustion requirements to state a claim under the ADA or MFEPA to state a claim under these statutes. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979) (holding in the Title VII context that the plaintiff had not adequately pled facts to show that he administratively exhausted his claims before bringing suit in federal court).

Lastly, and relevant to this dispute, "[u]nder Maryland law, a tort action for wrongful discharge is not actionable if there is a statutory remedy available." *Elkins v. Pharmacy Corp. of Am.*, 2000 WL 962669, at *3 (4th Cir. July 12, 2000); *see also Makovi v. Sherwin-Williams Co.*, 561 A.2d 179, 190 (Md. App. Ct. 1989) (holding that existence of state and federal statutory remedies for discriminatory discharge makes common law tort action for wrongful discharge unactionable). And so, this Court has held that a plaintiff cannot state a tort claim for wrongful discharge based on race or disability discrimination, because such claims are governed by Title VII and the ADA. *Davis v. Baltimore Hebrew Congregation*, 985 F. Supp. 2d 701, 718 (D. Md. 2013).

## IV. ANALYSIS

NSR Marts has moved to dismiss this matter, or, alternatively, for summary judgment in its favor, pursuant to Fed. R. Civ. P. 12(b)(6) and 56, upon the following grounds: (1) the allegations in the complaint are insufficient to support the Plaintiff's failure-to-accommodate, disability discrimination and retaliation claims; (2) the Plaintiff's ADA claims fail, because NSR Marts terminated the Plaintiff's employment due to recurring absences unrelated to her disability; and (3) the Plaintiff failed to attach proof that she exhausted administrative remedies before commencing this litigation. ECF No. 23-1 at 8-16. And so,

NSR Marts requests that the Court either dismiss this matter or enter summary judgment in its favor on the Plaintiff's claims. *Id.* at 16-17.

In her response in opposition to NSR Marts's dispositive motion, the Plaintiff does not directly address all of NSR Marts's arguments seeking dismissal of the complaint. *See generally* ECF No. 25. But the Plaintiff argues that the Court should not dismiss this matter, because: (1) NSR Marts failed to engage in the required interactive process to identify and implement reasonable accommodations under the ADA; (2) NSR Marts's stated reason for terminating her employment is pretextual and contradicted by contemporaneous medical documentation; and (3) she exhausted her administrative remedies before commencing this litigation. *Id.* And so, the Plaintiff requests that the Court deny NSR Marts's motion. *Id.* at 9.

For the reasons that follow, the Court is satisfied that the Plaintiff has shown that she exhausted administrative remedies before commencing this disability discrimination litigation. But a careful reading of the complaint shows that the Plaintiff fails to state a plausible failure-to-accommodate claim under the ADA, because she fails to allege facts to show that NSR Marts refused to make a reasonable accommodation. The Plaintiff may, however, be able to cure this deficiency by amending the complaint.

A careful reading of the complaint also makes clear that the Plaintiff's ADA discrimination claim is not plausible, because the Plaintiff alleges no facts to show that she was terminated due to her mental health disability. But the complaint plausibly alleges an ADA retaliation claim, based upon the termination of the Plaintiff's employment with NSR Marts, because the Plaintiff alleges facts to show a close temporal relationship between her reasonable accommodations request and the termination.

Lastly, the Plaintiff's wrongful discharge claim is not plausible, because this claim is based upon disability discrimination and the Plaintiff can pursue a remedy for the alleged disability discrimination under the ADA and the MFEPA. And so, the Court: (1) GRANTS-in-PART and DENIES-in-PART the Defendant's motion to dismiss, or, in the alternative, for summary judgment (ECF No. 23) and (2) DISMISSES the Plaintiff's ADA discrimination and wrongful discharge claims.

**A. The Plaintiff Has Exhausted Her Administrative Remedies**

As an initial matter, the Plaintiff has shown that she exhausted administrative remedies before bringing this civil action. It is well-established that the Plaintiff must exhaust administrative remedies, including filing a charge of discrimination with the EEOC and receiving a right-to-sue letter, before bringing a claim under the ADA in this Court. *See*

42 U.S.C. § 12117 (ADA explicitly adopting the enforcement powers, remedies and procedures of Title VII of the Civil Rights Act of 1964, which requires plaintiffs to file a charge of discrimination with the EEOC and obtain a right-to-sue letter); *see also* Md. Code Ann., State Gov't § 20-1013. Given this, the Plaintiff must allege facts in the complaint that show that she has complied with this exhaustion requirements. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979) (holding in the Title VII context that the plaintiff had not adequately plead facts to show that he administratively exhausted his claims before bringing suit in federal court).

The Court agrees with NSR Marts that the complaint lacks factual allegations to show that the Plaintiff filed a charge of discrimination with the EEOC and received a right-to-sue letter before commencing this litigation. *See generally* ECF No. 1. But the Plaintiff, who is proceeding without the assistance of counsel, has provided a copy of her right-to-sue letter in response to NSR Marts's dispositive motion and this document shows that the EEOC issued a right-to sue letter on March 17, 2025. ECF No. 25-4.

It is undisputed that the Plaintiff commenced this litigation on June 3, 2025. ECF No. 1. Given this, the facts before the Court show that the Plaintiff exhausted administrative remedies before commencing this litigation and that she timely filed the complaint under the ADA. *See* ECF No. 25-4 (stating that lawsuit must be filed within 90 days of receipt of the right-to-sue letter). And so, the Court declines to dismiss the complaint for failure to exhaust administrative remedies.

**B. The Plaintiff's Failure-To-Accommodate Claim Is Not Plausible**

While the Plaintiff may pursue her ADA claims in this forum, the complaint makes clear that her ADA failure-to-accommodate claim is not sufficiently alleged. To state a failure-to-accommodate claim under the ADA, the Plaintiff must allege facts to show that: (1) "[she] was an individual who had a disability within the meaning of the statute;" (2) "the employer had notice of [her] disability;" (3) "with reasonable accommodation [s]he could perform the essential functions of the position;" and (4) "that the employer refused to make such accommodations." *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 626, 579 (4th Cir. 2015); *Burnett v. BJ's Wholesale Club*, 722 F. Supp. 3d 566, 577 (D. Md. 2024).

The Court agrees with NSR Marts that the conclusory allegations in the complaint are not sufficient to show that NSR Marts refused to give the Plaintiff a reasonable accommodation. In the one-page complaint, the Plaintiff generally alleges that NSR Marts "failed to respond" to her request for a reasonable accommodation and that NSR Marts "did

not engage in the interactive process. . ." ECF No. 1 at ¶ 6. But the Plaintiff does not allege facts to show that her reasonable accommodation request was actually denied by NSR Marts. *See generally id.* In fact, there are no factual allegations in the complaint to show that the Plaintiff was required to continue working her original work schedule during the weeks after she made the reasonable accommodation request. *See id.*

The Plaintiff argues in her response in opposition to NSR Marts's dispositive motion that NSR Marts denied her request for a reasonable accommodation, because she was never informed of the change to her work schedule and a revised schedule was not entered into the company's mobile scheduling app. ECF No. 25 at 6. But these factual allegations are not set forth in the complaint. *See* ECF No. 1. The emails attached to the complaint also show that the Plaintiff's supervisor, Ms. Christison, did respond to the Plaintiff's request for a reasonable accommodation and the emails also suggest that NSR Marts agreed to accommodate the Plaintiff's requested schedule change during the weeks following her reasonable accommodation request. *See* ECF No. 1-1.

Given this, the Court agrees with NSR Marts that the factual allegations in the complaint, take as true, are not sufficient to state a failure-to-accommodate claim under the ADA. The Plaintiff may, however, be able to cure this deficiency by providing factual allegations to explain how NSR Marts denied her reasonable accommodation request. And so, the Court will afford the Plaintiff the opportunity to amend the complaint with regards to her failure-to accommodate claim to add these facts, before dismissing this claim. Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 15.

**C. The Plaintiff's ADA Discrimination Claim Is Not Plausible**

The factual allegations in the complaint also make clear that the Plaintiff's ADA disability discrimination is not plausible, because the Plaintiff has not alleged facts to show that NSR Marts terminated her employment due to her mental health disability. To state a disability discrimination claim under the ADA, the Plaintiff must allege facts in the complaint to show that: (1) she has a disability; (2) she is a qualified individual for the employment in question; and (3) her employer discharged her or took other adverse employment action because of her disability. *Burnett*, 722 F. Supp. 3d at 575.

NSR Marts argues with persuasion here that the complaint lacks facts to show that it terminated the Plaintiff's employment because of her disability. In the complaint, the Plaintiff alleges that she made a reasonable accommodation request in February 2023, due to her mental health concerns, and that NSR Marts later removed her from the work schedule and terminated her employment on March 16, 2023. ECF No. 1 at ¶¶ 5 and 7; ECF No. 1-1

at 7. But the Plaintiff does not allege facts to show that NSR Marts terminated her employment *because of* her mental health disability. *See* ECF No. 1. Nor does she allege other facts to show that NSR Marts acted with discriminatory intent or animus. *See id.*

Given this, the Court agrees with NSR Marts that the factual allegations in the complaint, taken as true, are not sufficient to state a claim of ADA disability discrimination. *Burnett*, 722 F. Supp. 3d at 575. And so, the Court DISMISESS the Plaintiff's ADA disability discrimination claim. Fed. R. Civ. P. 12(b)(6).

**D. The Plaintiff States A Retaliation Claim**

While not dispositive, the close temporal relationship alleged between the Plaintiff's request for a reasonable accommodation in late February 2023 and the termination of her employment on March 16, 2023, is sufficient to plausibly allege a retaliation claim under the ADA. To state a retaliation claim under the ADA, the Plaintiff must allege facts to show that: (1) she engaged in protected conduct; (2) she suffered an adverse action; and (3) a causal link exists between the protected conduct and the adverse action. *A Soc'y Without a Name v. Commonwealth of Va.*, 655 F.3d 342, 350 (4th Cir. 2011). In this regard, the Fourth Circuit has held that a very close temporal proximity between the protected conduct in question and the subsequent adverse action can show a causal connection between the two in some cases. *Hall Haggins v. Wilson Air Center, LLC*, 163 F.4th 872, 881 (4th Cir. 2026).

In the complaint, the Plaintiff alleges that NSR Marts terminated her employment just three weeks after she made a reasonable accommodation request. ECF No. 1 at ¶¶ 3 and 5. Given this, the Court is satisfied that the Plaintiff's ADA retaliation claim, based upon the termination of her employment, is plausible. The Court also observes that NSR Marts does not dispute that the Plaintiff engaged in protected conduct and that she suffered an adverse action when NSR Marts terminated her employment. ECF No. 23-1 at 12-13. And so, the Court declines to dismiss the Plaintiff's ADA retaliation claim.[2]

[2] The Court agrees with NSR Marts that the Plaintiff cannot base her retaliation claim solely on the alleged denial of a reasonable accommodation. *Johnson v. Martsland Transit Administration*, 2012 WL 809768 at *5 (D. Md. Mar. 2, 2021) (holding that, although a denial of a request for accommodation may form the basis for a retaliation claim, such a denial does not by itself support a claim of retaliation); *see also McClain v. Tenax Corp.*, 304 F. Supp. 3d 1195, 1206–07 (S.D. Ala. 2018) (holding that "the mere denial of a request for a reasonable accommodation cannot be an adverse employment action giving rise to a separate ADA retaliation claim" lest "every time an employee was denied a requested accommodation, he would be able to 'double dip' by asserting both the ADA failure-to-accommodate and ADA retaliation claims").

**E. The Plaintiff's Wrongful Discharge Claims Is Not Plausible**

As a final mater, to the extent that the Plaintiff asserts a wrongful discharge claim in this civil action, this claim must fail as a matter of law. "Under Maryland law, a tort action for wrongful discharge is not actionable if there is a statutory remedy available." *Elkins v. Pharmacy Corp. of Am.*, 2000 WL 962669, at *3 (4th Cir. July 12, 2000); *see also Makovi v. Sherwin-Williams Co.*, 561 A.2d 179, 190 (Md. App. Ct. 1989) (holding that the existence of state and federal statutory remedies for discriminatory discharge makes common law tort action for wrongful discharge unactionable). That is the case here, because the Plaintiff may pursue remedies for her alleged discriminatory discharge under the ADA and the MFEPA. Given this, the Court must also DISMISS the Plaintiff's wrongful discharge in violation of public policy claim. Fed. R. Civ. P. 12(b)(6).

## V. CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS-in-PART** and **DENIES-in-PART** the Defendant's motion to dismiss, or, in the alternative, for summary judgment (ECF No. 23); and

(2) **DISMISSES** the Plaintiff's ADA discrimination and wrongful discharge claims.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge